[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff brings this action in two counts seeking money damages, double damages, interest, and attorney's fees based on the failure of the defendant Plug-In Storage Systems, Inc. (PSSI) to pay its employee salesman Max Gregorich (Claimant) wages due. Plaintiff alleges in addition that the defendant Ralf P. Maroney (Maroney) as owner of PSSI and the person who actively controlled PSSI was also Claimant's employer under C.G.S. § 31-71a(1).
 Facts
On or about April 1993 Claimant was employed by PSSI as a salesman with a desk and a place to work in the office of PSSI. No written contract was executed by the parties concerning this employment. At that time PSSI and Claimant entered into an oral contract of employment by the terms of which Claimant was to try to sell PSSI products in return for which he would be paid $300 per week plus commissions on product sold, to be shipped into so-called open regions, of 5% and for product sold to be shipped into closed or protected regions of 2 1/2%. No commissions were due until an order for the product was received by PSSI.
An open region is a region in which no other salesperson of PSSI has customers and rights to receive commissions on sales to them. A closed region is a region in which one or more said PSSI salespersons do have such customers and rights. Claimant had the CT Page 10877 right to change these contract terms to no salary, pay own expenses and receive commissions of 10% in open regions and 5% in closed regions. Claimant asked for this agreement and a list of the various rates to be in writing. Neither were provided until June 19, 1995. Even though no written agreement was provided to Claimant until about the time of claimant's termination the parties agree that he was entitled to the $300 salary and the 5%-2 1/2% commission plan.
Claimant began work under the salaried plan and continued thereunder until about September 13, 1994. During that period he spent a great deal of his time trying to obtain a contract with and orders from a large corporation, called by the parties; MCI. He finally got that contract from MCI for PSSI on or about July 1994. That contract was obtained by competitive bid. Claimant did not participate in the bidding process. The first purchase order under that contract came August 31, 1994. At that time Claimant told Gregory Fishkind, a 38% owner of PSSI and its Executive Vice President and Secretary. (Fishkind), that he wanted to change his compensation from the salary plan to the straight commission plan of 10%-5%. He was told by Fishkind or Maroney that he could change only at the beginning of a quarter. What "the beginning of a quarter" means has never been satisfactorily proven to the court.
The MCI contract was the largest contract in PSSI history.
In July of 1994 Claimant began to pay his own medical insurance costs. On or about September 13, 1994, Claimant wanted to change to the straight commission plan and told that to Fishkind who told Claimant that the 10%-5% plan could no longer be in effect as to MCI for various business reasons. He told Claimant that he could choose between a plan whereby he received 10% commissions on sales into an open region and 2 1/2% commissions in a closed region or a plan to receive 7 1/2% and 5% in the respective regions. Claimant felt he was under "pressure" to accept one of these two new plans and he chose the 10%-2 1/2% plan on September 14, 1994. In regard to all of Claimant's accounts but MCI he continued to receive commissions at the 10%-5% rates.
Claimant continued his employment and never complained to Fishkind about his commissions. He did say as the MCI orders came in heavily in closed regions. "Gee, I guess I should have taken the 7 1/2%-5%" CT Page 10878
He kept his place of work in PSSI office until March 1995 when he moved his place of work to his home.
Claimant was due commissions under 5% and 2 1/2% agreement for all MCI orders received between the date of that first MCI invoice, dated September 2, 1994, and September 13, 1994. After that date he agreed to commissions under the 10% and 2 1/2% proposal of Fishkind.
 Law
No issue was ever raised in the pleadings or at trial about Claimant being an employee of PSSI. The court finds him to have been an employee and will treat him as such.
The plaintiff's statement of claim for wages covers the period from September 13, 1994 to 1995.
The first MCI order was August 31, 1994 and dated September 2, 1994 for a total of $650,000. Claimant was entitled to a commission of 2.5% or $17,550 on that order. All of that order was to be shipped to MCI at 400 International Parkway, Richardson, Texas 75081. Texas was in a closed region occupied by one Alan Fey.
No other MCI invoices were received by defendant before September 13, 1994 and thus the "new" terms never came into play.
The plaintiff has failed to sustain his burden of proof that Maroney would be liable under CGS § 31-71a(1).
The plaintiff has failed to sustain his burden of proof that any wages are due to Claimant by either PSSI or Maroney.
Judgment for defendants.
O'Neill, J.